Scileppi, J.
Security Mutual Life Insurance Company commenced the instant action to rescind three policies it had issued on the life of the defendant Seymour Arenstein. Thereafter, this action was consolidated for the purposes of trial with an identical action for rescission brought by the Canada Life I is sur anee Company against Arenstein also on three life policies. Based upon a finding thaY Arenstein had made material misrepresentations concerning his medical history in each of his applications, the trial court rescinded all six policies. On appeal the Appellate Division sustained the trial court’s rescis *381 sion of five of the policies, however modified by reinstating Security Mutual’s policy number 447023.
Since the Canada Life action was severed after entry of the order in the Appellate Division and since defendant Arenstein has not cross-appealed, the sole question presented for our consideration is the propriety of the Appellate Division’s reinstatement of policy number 447023. The relevant facts as they relate to that policy are as follows: On April 12, 1954 Security Mutual issued its life insurance policy number 447023 in the face amount of $100,000 to and upon the life of Arenstein. Arenstein agreed to pay an annual premium of $2,949 and elected to have dividends, if any, accumulated. On March 15,1963 Security Mutual mailed to Arenstein a notice of annual premium to become due on April 12,1963 which Arenstein concedes having received.
On or about March 26,1963 Arenstein talked to Arthur Stein, one of the company’s agents, about the policy. As a result of that conversation, Stein on that day addressed the following letter to the company:
Security Mutual Life Insurance Company Binghamton, New York
Re: Seymour Arenstein Policy No. 447023
Gentlemen:
The above insured wishes to minimum deposit his presently due premium on the above numbered policy. Please advise as to minimum payable after applying loan and dividends.
Sincerely,
Arthur Stein, C.L.TJ.
The company replied by the following letter, dated April 8, 1963:
Dear Mr. Arenstein:
We received the letter from Mr. Arthur Stein explaining that you wish to use the minimum deposit for premium due on your policy No. 447023. Mr. Stein also stated that you wish to use dividend accumulations available towards payment of this premium.
I have checked this out as requested and found that in order to pay your April 12, 1963 annual premium of $2,949 by automatic premium loan, we will need a cash payment of $1,036.76. This will include using your dividend accumulations of $543.
*382 I am enclosing a dividend change and request form for your signature to give us proper authorization to withdraw these dividends. You should return the signed form along with your cash payment of $1,036.76 and we will be pleased to pay the balance of the premium from the cash value.
Sincerely yours,
C. Donald Monroe Manager
Premium Collection Division
No payment, dividend change form or other communication was received by the company from Arenstein by May 13, 1963, the end of the grace period. Not until June 25,1963 did Security Mutual receive from Arenstein his check in the amount of $1,036.76. Enclosed with the check was the dividend change and request form, executed by Arenstein. Since the grace period had expired, the company did not accept the tendered premium payment.
On July 20, 1963 Arenstein executed an application for reinstatement of policy number 447023. The application was granted by the company. On September 30, 1964 Security Mutual instituted the instant action to rescind the reinstated policy for material misrepresentations made in the application for reinstatement.
In modifying the determination of the trial court and holding that policy number 447023 did not lapse, the Appellate Division in effect held that it is of no import that Arenstein made material misrepresentations in his application for reinstatement because in their opinion the policy never lapsed, therefore, making the application for reinstatement unnecessary. They based this conclusion primarily on a construction of the policy provision for Automatic Premium Loans. That portion of the policy provides:
“ Automatic Premium Loans ”
‘ ‘ In case a written request is received at said Home Office before any premium is in default beyond the grace period, then until such request is revoked in writing, the Company will automatically loan the amount of any premium remaining unpaid at the end of the grace period, provided the loan value is sufficient to cover such premium and any indebtedness to the Company hereon. If such loan value, less any indebtedness, is not sufficient to pay such premium *383 but is sufficient for a quarterly premium, then the Company will automatically change the premium to the quarterly basis and make the loan * * * The loan value hereu/nder is the amount which with interest at ó% per annum shall equal the cash value of this Policy on the next premium due date ” (emphasis added).
The Appellate Division concluded: “We find and determine that as to policy number 447023 there was a specific request to put into operation the policy provision for Automatic Premium Loans. At the time of such request there was a dividend accumulation of $543, and a loan value in the amount of $359 which total sum was more than sufficient to pay a quarterly premium.” (emphasis added).
It is our opinion that the Appellate Division erroneously construed the policy. The language of the Automatic Premium Loan provision is clear. It simply provides that although the annual premium may be due and owing, if the loan value of the policy is sufficient to pay a quarterly premium then the company will automatically convert the payment plan to a quarterly basis. While the Appellate Division correctly stated that 1 ‘ the dividend accumulation * * * and a loan value in the amount
of $359 [added together]was more than sufficient to pay a quarterly premium ”, the policy states unambiguously that it is only the sufficiency of the loan value, and not the loan value plus the dividend accumulation, to be considered in determining whether or not to automatically change the payments to a quarterly basis. It being conceded that the loan value herein, $359, was insufficient to pay a quarterly premium, the ‘ ‘ Automatic Premium Loan ” provision cannot be utilized as the basis for determining that the policy did not lapse.
Additionally, the Appellate Division was of the opinion that Security Mutual’s letter of April 8,1963 (pp. 381-382, supra) in reply to the letter sent on behalf of Arenstein was misleading. They stated: ‘ ‘ The reply * * * was not responsive and perhaps somewhat misleading. This caused the insured to make application for reinstatement when, in fact, it should not have been necessary to do so ”. We cannot agree. As was stated in the letter sent on Arenstein’s behalf, he wanted “to minimum deposit his presently due premium ” on the policy. Obvi *384 ously the premium referred to was the annual premium due on April 12, 1963 for which concededly he had already received notice. It is clear, therefore, that the thrust of Arenstein’s inquiry was what is the minimum amount of cash outlay necessary to pay the annual premium after applying loan value and dividends. The company’s letter was clearly responsive to that inquiry. Moreover, although the Appellate Division found the letter misleading, Arenstein, himself, evidenced nothing but complete understanding since he eventually performed everything required of him in the letter. His only mishap was in failing to perform prior to the expiration of the grace period.
It should be noted that Security Mutual has also made a procedural argument contending that the Appellate Division and inferentially our court are precluded from considering the issue of lapse because the question was not properly raised. The record indicates otherwise.
The stipulation of facts entered into by the attorneys for the respective parties concludes with the following paragraph: ‘ ‘ It is Hereby Stipulated, Consented to and Agreed, by and between the parties, that defendants’ motion to amend the answer is withdrawn and that defendants’ answer is amended to include a denial of Paragraph 4 of Security Mutual’s complaint. Specifically it is agreed that defendants had denied that Policy 447023 lapsed for nonpayment of premium on April 12,1963. ’ ’
Moreover, at the very opening of the trial by agreement between counsel, the following question was presented for determination : “2. Did Security Mutual policy 447023 lapse for nonpayment of the premium due April 12, 1963? If it did not, the parties agree that the issue of material misrepresentation as to policy No. 447023, as stated in question 1, is moot.”
Although it is true that the trial court never passed upon the question, its error in failing to consider an issue properly presented in no way inhibits us from passing upon the question.*
*385 Accordingly, the order of the Appellate Division should be reversed and the judgment of the trial court be reinstated.
Judges Burke, Breitel and Jasen concur with Judge Scileppi ; Chief Judge Fuld and Judges Bergan and Gibson dissent and vote to affirm on the opinion at the Appellate Division.
Order reversed, etc.

 The trial court found for the company on the basis of Arenstein’s material misrepresentations in the application for reinstatement. Of course, if the court had considered the question of lapse and decided in favor of Arenstein, then any misrepresentations made in the application for reinstatement would have been academic.